**UNITED STATES of America, Plaintiff,**

v.

**Kevin Antonio GOODE, Defendant.**

**No. 96–CR–80997–DT.**

United States District Court, E.D. Michigan, Southern Division.

July 11, 2000.

Mark C. Jones, Asst. U.S. Atty., Flint, MI, for plaintiff.

Kevin Antonio Goode, McKean, MI, pro per.

### ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

DUGGAN, District Judge.

On April 21, 1997, Defendant was convicted by a jury of conspiracy to distribute cocaine, possession with intent to distribute crack cocaine, felon in possession of a firearm, and possession of a firearm with an obliterated serial number. On October

15, 1997, Defendant was sentenced to mandatory life imprisonment on the conspiracy offense, 210 months imprisonment on the possession offense, 120 months imprisonment on the felon in possession offense, and 60 months on the possession of a firearm with an obliterated serial number offense, to run concurrently. On July 14, 1999, the United States Court of Appeals for the Sixth Circuit affirmed Defendant's convictions and sentences.

On June 9, 2000, Defendant filed a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure based on newly discovered evidence. As "new evidence," Defendant cites the February 23, 1998 decision of the United States Court of Appeals for the Sixth Circuit in *United States v. Ovalle*, 136 F.3d 1092 (6th Cir.1998), which held that the procedure used for selecting grand and petit juries in the Eastern District of Michigan at the time of Defendant's indictment and convictions violated the Jury Selection and Service Act, 28 U.S.C. § 1862, and the Equal Protection Clause of the United States Constitution. Defendant contends that because *Ovalle* was decided after he had been convicted, the grounds for his motion could not have been "discovered" prior to his indictment or trial and thus constitute "newly discovered" evidence.

Although Defendant has framed his motion as a motion for a new trial pursuant to Rule 33, it is clear that Defendant is really asserting a challenge to the jury selection process utilized at the time of his indictment and trial. Defendant, however, has waived his right to challenge the composition of the grand and petit juries by failing to make a pretrial motion under Federal Rule of Criminal Procedure 12(b)(2). *See United States v. Blair*, 214 F.3d 690 (6th Cir.2000).

▮ Rule 12(b)(2) requires that all "[d]efenses and objections based on defects in the indictment or information," including constitutional challenges, be raised prior to trial. FED. R. CRIM. P.

12(b)(2); *see also Blair*, 214 F.3d 690, 699; *Ovalle*, 136 F.3d at 1107. " 'Challenges of the petit jury are treated the same as challenges of the grand jury.' " *Ovalle*, 136 F.3d at 1107 (quoting *United States v. Hearst*, 638 F.2d 1190, 1196 (9th Cir. 1980)). Failure to raise an objection to the selection of the grand or petit jury prior to trial constitutes a waiver thereof, which may be excused only upon a showing of " 'cause and actual prejudice.' " *Id.* (quoting *United States v. Oldfield*, 859 F.2d 392, 397 (6th Cir.1988)); *see also* FED. R. CRIM. P. 12(f).

▮ It is clear that Defendant did not make a pretrial motion pursuant to Rule 12(b)(2) challenging the selection of either the grand or petit juries. The only "cause" for such failure that Defendant has arguably raised is the fact that *Ovalle* was not decided until after his trial had concluded. The Sixth Circuit, however, has recently rejected this same argument, explaining:

> In order to show cause to excuse this type of procedural default, a defendant must demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the ... procedural rule." "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for the procedural default." George's reliance on the timing of *Ovalle* is therefore misplaced. *Ovalle* did not recognize a new right; instead, it held that the 1992 jury selection plan violated well established constitutional rights. Prior to trial, George failed to recognize or chose to ignore a potential challenge to the jury selection plan. This failure does not establish cause to overcome George's waiver of the issue; the fact that *Ovalle* illuminated this issue two weeks later does nothing to change that result. George has failed to demonstrate an objective external factor that prohibited him from raising an ob-

jection to the jury selection plan prior to his trial; accordingly, he has not shown cause to excuse his waiver of this issue. *Blair*, 214 F.3d at 699 (internal citations omitted). Therefore, the fact that *Ovalle* was decided after Defendant's trial had concluded does not establish cause for his procedural default.

■ Even if Defendant could demonstrate that cause existed for his failure to raise his jury selection claims prior to trial, nothing in Defendant's motion or briefs in support of such motion persuades the Court that he can demonstrate "actual prejudice." Defendant has raised no argument suggesting that he was actually prejudiced by this Court's constitutionally deficient jury selection plan. The Sixth Circuit has rejected the contention that a presumption of prejudice is sufficient to excuse compliance with Rule 12(b)(2), explaining that " '[t]he presumption of prejudice which supports the existence of the right, is not inconsistent with a holding that actual prejudice must be shown in order to obtain relief from a statutorily provided waiver for failure to assert it in a timely manner.' " *Ovalle*, 136 F.3d at 1107 (quoting *Davis v. United States*, 411 U.S. 233, 245, 93 S.Ct. 1577, 1584, 36 L.Ed.2d 216 (1973)).

The only arguable reference to "actual prejudice" in Defendant's motion is his statement that a new trial in this case "[w]ould also likely produce an acquittal if the case were retried under the Court's present Plan which does not involve the removal of any non-African American potential jurors." (Def.'s Reply at 4). This statement, at best, only indicates that in Defendant's opinion, it is "likely" that a jury selected under the Court's present plan would acquit him. The Court finds Defendant's unsupported opinion insufficient to meet the actual prejudice required to overcome his procedural default.

Accordingly, because Defendant has failed to establish cause and actual prejudice for his procedural default,

**IT IS ORDERED** that Defendant's Motion for a New Trial Based on Newly Discovered Evidence is **DENIED**.